UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SALVADOR SOLIS-ZARATE,

Petitioner,

v.

KELLY STRONG, et al.,

Respondents.

No. 6:26-CV-300-H

**ORDER**

Salvador Solis-Zarate entered the United States illegally in 1987. In July 2026, ICE arrested Solis-Zarate and placed him into immigration custody. Dkt. No. 1 at 4. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 5. Before the Court is Solis-Zarate's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, the Fifth Amendment, the *Accardi* doctrine, and the *Maldonado Bautista* class judgment. Dkt. No. 1.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Solis-Zarate's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that aliens present in the United States who have not been admitted or who arrive in the United States are subject to

mandatory detention under Section 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026).

- The en banc Fifth Circuit has foreclosed the grant of habeas relief as a matter of procedural due process. *Sosnava Rodriguez v. Vergara*, ___ F.4th ___, ___, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc).

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026).

- The class-action orders issued in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873 (C.D. Cal.), are not binding on this Court. *Calderon Lopez v. Lyons*, 813 F. Supp. 3d 692, 695 (N.D. Tex. 2025).

Solis-Zarate's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Solis-Zarate is not entitled to relief, the Court denies the petition. Dkt. No. 1. The Court denies as moot Counsel's application for admission pro hac vice (Dkt. No. 4).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on November 19, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE